WIENER, Circuit Judge,
concurring in part and dissenting in part:
I concur with the panel majority’s disposition of this appeal in every respect except for its treatment of the potential availability of disgorgement of profits as an equitable remedy under ■ 18 U.S.C. § 1964. More specifically, I cannot read § 1964(a) or the Second Circuit’s opinion in United States v. Carson[1] to eschew the possibility of disgorgement in the instant case. I agree, as does the panel majority, with the Carson court’s restriction of equitable remedies to prevent or restrain future conduct rather than to punish past conduct,[2] but, respectfully, I find illogical the panel majority’s application of that principle to the instant case.
It is true that Richard does not seek disgorgement to prevent or restrain the production of PB Plumbing Systems, which all acknowledge are no longer produced and marketed. The permissible purposes of disgorgement as an equitable remedy are not, however, so limited as to be available only to prevent or restrain the continued production and marketing of the particular product that produced the tainted profits in question. First, because the profits disgorged in a civil RICO class action are not necessarily distributed to the class members ratably according to the quantum of them respective injuries, the remedy is not analogous to compensatory damages. Second, disgorgement of ill-gotten gains is closely analogous to the equitable remedy of exemplary damages, as the principal purpose is not simply to punish the offending parties for having conspired to make the illicit profits but to convey a strong message, to the conspirators and to third parties alike, that there is yet another disincentive to engaging in such proscribed conduct. , Thus, it seems clear to me that the primary thrust of disgorgement is to “prevent and restrain” the offending parties — as well as all potential malefactors who receive the message— from engaging in such activities with any *356 product, not just the single discontinued product that happened to have been the object of the proscribed behavior alleged in the particular case.
Neither do I find it determinative that Richard failed to state explicitly in his prayer for the disgorgement remedy that disgorgement “would prevent manufacturers of similar products from committing similar injuries.” It has to be self-evident to courts and litigants alike that a prayer for disgorgement of profits in a case like this one is intended to prevent and restrain similar future conduct. To require the incantation of those talismanic words— jurisprudential, not statutory — would be to require a hollow act and to elevate form over substance. By its very nature, disgorgement is designed to “prevent manufacturers of similar products” from engaging in such conduct in the future, making incidental at best any element of compensation to class members.
As I disagree with the conclusion of my learned colleagues of the panel majority that Richard’s RICO claim is void for failure to state a proper remedy, I respectfully dissent.

. 52 F.3d 1173 (2d Cir.1995).

. Id. at 1182.